AUG-08-2005  16:26        CMS                    Ш                925 9471147    P.02/03

**FILED**

AUG 1 1 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  BLAKE P. LOEBS, State Bar #145790
   Deputy City Attorney
4  1390 Market Street, 6ᵗʰ Floor
   San Francisco, California 94102-5408
5  Telephone:    (415) 554-3868
   Facsimile:    (415) 554-3837
6

7  Attorneys for Defendants,
   CITY AND COUNTY OF SAN FRANCISCO

8

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                                    Case No. C 04-4697 MHP
12  XI TAO WU,
                                    STIPULATION AND [PROPOSED]
13              Plaintiff,          PROTECTIVE ORDER

14       vs.

15  CITY AND COUNTY OF SAN
    FRANCISCO, ALEX FAGAN, SR.,
16  individually and in his official capacity;
    HEATHER J. FONG, individually and in
17  her official capacity; OFFICER JOHN
    TORRISE, OFFICER JOHN
18  FERRANDO, and Does 1 through 100,

19              Defendant(s).

20

21       Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and

22  agree that the documents covered by this order require the protection of a protective order and that the

23  mode of discovery of these documents be pursuant to this order.

24       During this action, with respect to any information, documents, or things obtained by any

25  Party to this action in response to any discovery where such items are asserted to contain or comprise

26  confidential information, including information protected by the right to privacy or other applicable

27  privileges and protections, the following procedures shall be employed and the following restrictions

28  shall govern:

    Stip & Protective Order, USDC No.: C04-4697 MHP        1        n:\lit\li2004\050785\00319395.doc

                                                                                        P.02

THEREFORE, the parties agree to the following terms, and join in requesting that the Court

Order the following:

1.      Plaintiff's counsel of record shall be responsible for ensuring that the terms of this

stipulation and order are complied with.

2.      The Information shall not be disclosed to anyone except for the following persons: (a)

counsel to parties in this lawsuit and their employees, (b) experts retained by counsel in this lawsuit,

(c) the parties in this lawsuit (collectively, "Qualified Persons"); and (d) the Court, Court personnel

and Court reporters involved in this lawsuit. All Qualified Persons must be informed of the terms of

this stipulation and order and must agree to be bound thereby prior to disclosure.

3.      No copies of the Information shall be made. On final disposition of this case,

plaintiff's counsel shall within one month after the final disposition of this case, without request or

further order of this Court, return all Information to the Deputy City Attorney of record in this matter.

4.      Should plaintiff fail to comply with this agreement, plaintiff and plaintiff's counsel

shall be liable for all costs associated with enforcing this agreement, including but not limited to all

attorney fees.

IT IS SO STIPULATED:

Dated: July ____ Aug 8, 2005

By:_____
BLAKE P. LOEBS
Attorney for Defendants

Dated: July ____ August 5, 2005

By:_____
Micha Star Liberty, Esq.
Casper, Meadows & Schwartz,
Attorney for Plaintiff

PURSUANT TO STIPULATION, IT IS SO ORDERED:   and attached Supplemental order

Dated: ___ / 11 , 2005

_____
MARILYN H. PATEL
UNITED STATES DISTRICT COURT JUDGE

n:\litl\2004\050735\00319395.doc

TOTAL  P.03
TOTAL  P.03
P.03

**ORDER APPROVING AND MODIFYING STIPULATED PROTECTIVE ORDER**

IN C- _04 - 4697_ MHP

The above (attached) stipulation re confidentiality is approved except as follows:

1)      Counsel shall narrowly tailor the documents, materials or papers that come within

this order

2)      As applied to documents, materials or papers filed with the court, this order shall

be used sparingly to cover only those items that are clearly trade secret, come

within clearly defined areas of privileges accepted in the federal courts, or have a

compelling need for confidentiality.

3)      Documents, material or papers submitted as exhibits to or in support of motions or

for pretrial, trial or other court proceedings shall not be filed under seal except by

order the court.  The parties are reminded that the federal courts are public fora

and matters to be heard by the court are conducted publicly.  Furthermore,

documents, materials or other papers submitted as exhibits will remain as part of

the court record and may not be withdrawn without order of the court.

4)      Under no circumstances shall memoranda or pleadings required to be filed with

the court pursuant to the Federal Rules of Civil Procedure or the Civil Local Rules

of this District be filed under seal.

**IT IS SO ORDERED.**

Dated: _8/11/05_

_____
MARILYN HALL PATEL
United States District Judge